UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OMEGRA SHIPPING PTE. LTD.** § § § **Plaintiff** § § **versus** § § **MINCHEM INTERNATIONAL, INC.** § § **Defendant** § § | **CIVIL ACTION NO. 16-17735** **SECTION** **MAG NO.** **ADMIRALTY RULE 9(H)** |

### ORIGINAL VERIFIED COMPLAINT

The original Verified Complaint of Omegra Shipping Pte. Ltd. (hereinafter referred to as "Omegra"), against Minchem International, Inc. (hereinafter referred to as "Minchem"), respectfully represents:

### PARTIES AND JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC § 1333. Subject matter jurisdiction also exists under 28 U.S.C. § 203 and § 1331 because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), enforced at 9 USC § 201 *et seq.*

2. At all material times, plaintiff Omegra was and still is a corporation organized and existing under the laws of a foreign country, with its principal place of business in Singapore, and was at all relevant times the disponent owner of certain vessels chartered to Minchem.

3. Upon information and belief, at all material times, defendant Minchem was and

still is a corporation organized and existing under the laws of Texas, with its principal place of business in Houston, Texas and with no office, place of business or agent for service of process in the Eastern District of Louisiana.

## CAUSE OF ACTION

4. By a Contract of Affreightment on an amended GENCON 1994 form dated 16 September 2014 ("COA"), defendant Minchem agreed to hire from Omegra certain vessel(s) to make a total of eight (8) shipments evenly spread over twenty-four (24) months from Fangcheng, China to New Orleans, Louisiana.  (A copy of the COA and recap correspondence are annexed hereto, *in globo,* as Exhibit A.)

5. Each shipment was to be for 58,000 mt (3% more or less at owner's option) of industrial minerals of barites or talc, together with a maximum of 3,000 mt of chemical minerals in bags, at a freight rate of $19.00 per mt.

6. The first of the eight (8) voyages was scheduled, through Minchem's broker, Viking Shipping Company AS, commencing on 30 November 2014 aboard the M/V NORD CAPELLA.

7. That voyage occurred as scheduled and contemplated under the COA.

8. However, subsequent to the first voyage, Minchem never again performed any of the remaining seven (7) voyages required under the COA, and Minchem is in breach of its contractual obligations under the COA.

9. Despite repeated amicable demands, Minchem has continued to refuse to perform its obligations under the COA with Omegra.

10. As a result of Minchem's breach of the COA, Omegra has suffered significant damages, including but not limited to lost freights Omegra would have earned for the seven (7)

voyages under the COA and costs Omegra incurred in reliance on the COA.

11. Omegra is still in the process of quantifying its damages resulting from Minchem's failure to perform its contractual obligations under the COA, but at present Omegra estimates that its damages are at least in the US$4,100,000 range as nearly as can now be estimated. However, Omegra fully reserves all of its rights to supplement and amend its damage estimates herein.

## ARBITRATION, INTEREST, AND COSTS

12. Pursuant to the COA, disputes between Omegra and Minchem are subject to English law and mandatory arbitration in Hong Kong (See Exhibit A, Rider Clause 5).

13. Omegra has commenced arbitration proceedings against Minchem in Hong Kong with respect to the disputes concerning the COA, and those arbitration proceedings remain active. (A copy of the Procedural Order No. 1 is annexed hereto as Exhibit B).

14. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8, which applies to actions falling under the Convention pursuant to 9 U.S.C. § 208, and Omegra specifically reserves all rights relating to the arbitration of this dispute.

15. Under English law, and the rules of Hong Kong arbitration, Omegra will also be entitled to an award of legal costs, including attorneys' fees, experts' fees, and arbitrators' fees, as well as other costs associated with the arbitration, plus interest at the legal rate in Hong Kong, 8% per annum, on all sums awarded. For present purposes, Omegra estimates that those costs will be in the US$450,000 - $500,000 range. Again, however, Omegra reserves its right to amend these cost estimates.

## RULE B ATTACHMENT

16. Upon information and belief, Minchem has no office or place of business in this

jurisdiction, no agent for service of process in Louisiana, and cannot be found within this Judicial District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. However, upon information and belief, Minchem has, or will have during the pendency of this action, property within this Judicial District and subject to the jurisdiction of this Court.

17. Specifically, upon information and belief, Minchem is the owner of a cargo of barite in bulk and/or barite in bags currently aboard the M/V NORD GALAXY, which, upon information and belief, is scheduled to enter this Judicial District on or about 24 December 2016.

18. Minchem possesses an ownership interest in that cargo, which constitutes attachable property under Supplemental Admiralty Rule B.

19. Pursuant to Supplemental Admiralty Rule B, Omegra is entitled to, and hereby prays for, a writ of attachment issued by the Clerk of this Court directing the United States Marshal for this District to attach and take into his possession, custody and control all cargo onboard the M/V NORD GALAXY belonging to defendant, Minchem; to hold said property pending further orders of this Court; and, failing its release, to condemn and sell said property to satisfy any judgment herein in favor of Omegra, all in accordance with law.

WHEREFORE, plaintiff, Omegra Shipping Pte. Ltd., prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant Minchem citing it to appear and answer, all and singular, the matters alleged herein;

b. since defendant Minchem cannot be found within this Judicial District, this Court issue an Order directing the Clerk of this Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 8 and 208, attaching all of the defendant's tangible or intangible property in this Judicial District, including but not limited to Minchem's cargo aboard the M/V NORD GALAXY, in which defendant maintains a property interest, to secure Omegra's claims herein, and that all persons claiming any interest in the same be cited to appear herein pursuant to Supplemental Admiralty Rule B and answer the matters alleged in this Verified Complaint;

  c. in the alternative, pursuant to Rule 64 of the Federal Rules of Civil Procedure, that at the commencement and during the course of this action, Omegra be permitted to avail itself of all remedies providing for seizure of property for the purpose of securing satisfaction of the judgment ultimately to be entered in this action, as available under the circumstances and in the manner provided by the laws of the State of Louisiana;

  d. Minchem be compelled to provide security in form and amount agreeable to Omegra and/or ordered by the Court for the release of its property, failing which, that the United States Marshal for this District retain said cargo in his custody pending further orders of this Court;

  e. this Court thereafter stay this matter pending arbitration but retain jurisdiction over this matter for purposes of the attached property, any security posted for its release, and any subsequent enforcement action as may be necessary;

  f. after due proceedings, judgment be entered by this Court in favor of Omegra and against Minchem enforcing and recognizing any arbitration award(s) and/or judgment(s) that may be rendered in Omegra's favor on the claims set forth herein;

  g. Omegra have satisfaction of any judgment in its favor out of the security provided by Minchem for the release of its property or, if no security has been provided, that said property

be condemned and sold, with clear title, free and clear of all liens and encumbrances, and Omegra have satisfaction out of the proceeds of that sale; and

  f. Omegra have such other, further, and different relief as this Court may deem just and proper.

            Respectfully submitted,

            MURPHY, ROGERS, SLOSS,
             GAMBEL & TOMPKINS


            */s/ Peter B. Sloss*
            Peter B. Sloss #17142
            psloss@mrsnola.com
            Michael D. Letourneau #32556
            mletourneau@mrsnola.com
            Suite 400, One Shell Square
            701 Poydras Street
            New Orleans, Louisiana 70139
            Telephone: (504) 523-0400
            *Attorneys for Omegra Shipping Pte. Ltd.*


**INSTRUCTIONS FOR U.S. MARSHALL**

PLEASE SERVE:

The Master of the M/V NORD GALAXY
Currently afloat in the Mississippi River
at a location to be provided


1979/5274